STEPHEN R. BASSER (121590)
SAMUEL M. WARD (216562)
**BARRACK, RODOS & BACINE**
One America Plaza
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
Facsimile: (619) 230-1874
*sbasser@barrack.com*
*sward@barrack.com*

JEFFREY A. BARRACK*
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838
*jbarrack@barrack.com*
*\*Pro Hac Vice* application to be filed

*Counsel for the Public Employees
Retirement Association of New Mexico, and
Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX MORRIS HARARI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PRICESMART, INC., JOSE LUIS LAPARTE, JOHN M. HEFFNER, and MAARTEN O. JAGER,<br><br>Defendants | CASE NO. 19-CV-0958-JLS-LL<br><br>NOTICE OF MOTION AND MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE PUBLIC EMPLOYEES RETIREMENT ASSOCIATION OF NEW MEXICO FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL<br><br>Date: September 12, 2019<br>Time: 1:30 P.M.<br>Judge: Hon. Janis L. Sammartino<br>Courtroom: 4D |

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................... 1

II. PROCEDURAL HISTORY ...................................................................................... 3

III. FACTUAL BACKGROUND .................................................................................... 3

IV. ARGUMENT ............................................................................................................. 4

    A. PERA Should Be Appointed Lead Plaintiff ................................................... 4

        1. Applicable Legal Standard ................................................................... 4

        2. PERA Has the Largest Financial Interest in the Relief Sought by the Class ........................................................................................................ 5

        3. PERA is Qualified Under Rule 23 ....................................................... 6

            a. The Claims of PERA Are Typical of the Claims of the Class .......... 6

            b. PERA Will Fairly and Adequately Represent the Interests of the Class ............ 7

        4. PERA is an Experienced Institutional Investor .................................. 8

    B. The Court Should Approve PERA's Choice of Counsel ................................ 9

V. CONCLUSION ........................................................................................................ 11

i

NOT OF MOT & MOT AND MEMO OF POINTS & AUTHORITIES ISO THE MOTION OF THE PUBLIC EMPLOYEES RETIREMENT ASSOCIATION OF NEW MEXICO FOR APPT AS LD PLTF & APPROVAL OF SELECTION OF LD COUNSEL

# TABLE OF AUTHORITIES

Cases                                                                Page(s)

*Blackie v. Barrack*,
  524 F.2d 891 (9th Cir. 1975) .................................................................................... 7

*Bogosian v. Gulf Oil Corp.*,
  561 F.2d 434 (3d Cir. 1977) ...................................................................................... 7

*Gluck v. CellStar Corp.*,
  976 F. Supp. 542 (N.D. Tex. 1997) ..................................................................... 2, 8

*Greebel v. FTP Software*,
  939 F. Supp. 57 (D. Mass. 1996) ......................................................................... 2, 8

*Haley v. Medtronic, Inc.*,
  169 F.R.D. 643 (C.D. Cal. 1996) ............................................................................. 6

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) .................................................................................... 6

*In re Cendant Corp. Sec. Litig.*,
  109 F. Supp. 2d 235 (D.N.J. 2000) ........................................................................ 10

*In re Diamond Foods, Inc.*,
  281 F.R.D. 405 (N.D. Cal. Mar. 12, 2012) ........................................................... 2, 8

*In re Mellon Bank S'holder Litig.*,
  120 F.R.D. 35 (W.D. Pa. 1988) ................................................................................ 7

*In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*,
  122 F.R.D. 251 (C.D. Cal. 1988) ............................................................................. 7

*In re WorldCom, Inc. Sec. Litig.*,
  219 F.R.D. 267 (S.D.N.Y. 2003) .............................................................................. 8

*In re WorldCom, Inc. Sec. Litig.*,
  No. MASTER FILE 02 Civ. 3288 (DLC), 2004 U.S. Dist. LEXIS 22992 (S.D.N.Y. Nov. 12, 2004) ........................................................................................................ 10

*Lerwill v. Inflight Motion Pictures, Inc.*,
  582 F.2d 507 (9th Cir. 1978) .................................................................................... 7

*Lewis v. Curtis*,
  671 F.2d 779 (3d Cir. 1982) ..................................................................................... 7

*Lubin v. Sybedon Corp.*,
  688 F. Supp. 1425 (S.D. Cal. 1988) ......................................................................... 7

*Schaefer v. Overland Express Family of Funds*,
  169 F.R.D. 124 (S.D. Cal. 1996) ............................................................................. 7

*Schwartz v. Harp*,
  108 F.R.D. 279 (C.D. Cal. 1985) ............................................................................. 6

*Welling v. Alexy* (*In re Cirrus Logic Sec.*),
  155 F.R.D. 654 (N.D. Cal. 1994) ............................................................................. 6

Statutes

15 U.S.C. § 10(b) (2018) .................................................................................................. 3, 6

15 U.S.C. § 20(a) (2018) ...................................................................................................... 3

15 U.S.C. § 21D(a)(3)(A)(i) .................................................................................................. 4

15 U.S.C. § 21D(a)(3)(B) ................................................................................................. 1, 11

15 U.S.C. § 21D(a)(3)(B)(i) (2018) ...................................................................................... 5

15 U.S.C. § 21D(a)(3)(B)(iii)(I)(cc) ..................................................................................... 6

15 U.S.C. § 78u-4(a)(3) (2018) ........................................................................................ 1, 4

15 U.S.C. § 78u-4(a)(3)(A) (2018) ....................................................................................... 2

15 U.S.C. § 78u-4(a)(3)(A)(i) (2018) ................................................................................ 3, 5

15 U.S.C. § 78u-4(a)(3)(B) (2018) .................................................................................... 2, 8

15 U.S.C. § 78u-4(a)(3)(B)(i) (2018) .................................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb) (2018) .......................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (2018) ............................................................................. 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) (2018) ...................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) (2018) ..................................................................... 9

15 U.S.C. § 78u-4(a)(3)(B)(v) (2018) .................................................................................. 9

15 U.S.C. § 78u-4(e) (2018) ................................................................................................. 6

15 U.S.C. § 78u-4(e)(3) (2018) ............................................................................................ 6

Other

1995 U.S.C.C.A.N. 679 ..................................................................................................... 2, 8

1995 U.S.C.C.A.N. 730 ..................................................................................................... 1, 8

Rule 10 .................................................................................................................................. 3

Rule 23 ........................................................................................................................ *passim*

Rule 23(a) ............................................................................................................................. 6

Rule 23(a)(3) ........................................................................................................................ 6

Rule 23(a)(4) ........................................................................................................................ 7

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 12, at 1:30 P.M., or as soon thereafter as the matter may be heard in the Courtroom of the Honorable Janis L. Sammartino, located at 221 West Broadway, Courtroom 4D, San Diego, California, the Public Employees Retirement Association of New Mexico ("PERA") will move, pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934, as amended by § 101(a) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order (1) appointing the PERA as Lead Plaintiff in this action and (2) approving PERA's selection of the law firm of Barrack, Rodos & Bacine as Lead Counsel.

This motion is based on the memorandum of law in support thereof, the pleadings and other files herein, including but not limited to the certification of Susan G. Pittard on behalf of PERA ("Pittard Cert."), and the accompanying Declaration of Stephen R. Basser in support of this motion (the "Basser Declaration"), any responsive memorandum filed in further support of this motion, and oral argument made by counsel in connection herewith.

## I. INTRODUCTION

PERA files this motion seeking to represent a class of investors who purchased the securities of PriceSmart, Inc. ("PriceSmart" or the "Company") during the period from October 26, 2017 through October 25, 2018, inclusive (the "Class Period"), and who were damaged thereby as a result of the alleged material misrepresentations and omissions by defendants, PriceSmart and certain of its officers and directors.

In enacting the PSLRA, 15 U.S.C. § 78u-4(a)(3), Congress expressed its intent to encourage institutional investors like PERA to serve as lead plaintiffs in securities class actions. H.R. Conf. Rep. No. 104-369 (1995), S. Rep. No. 104-98 (1995). As the Statement of Managers noted, the PSLRA was intended "to increase the likelihood that institutional investors will serve as lead plaintiffs" because, among other reasons, institutional investors and other class members with large amounts at stake "will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." H.R. Conf. Rep. No. 104-369, at 33, 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733. Similarly, the Senate Report on the PSLRA states:

> The Committee believes that increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts.
>
> Institutions with large stakes in class actions have much the same interests as the plaintiff class generally.

S. Rep. No. 104-98 at 12, 13 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 (citations omitted). *See also Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 63 (D. Mass. 1996) (holding that provisions of the Act "suggest a presumption that institutional investors be appointed lead plaintiff"); *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 548 (N.D. Tex. 1997) ("through the PSLRA, Congress has unequivocally expressed its preference for securities fraud litigation to be directed by large institutional investors"); *In re Diamond Foods, Inc.*, 281 F.R.D. 405, 409 (N.D. Cal. March 12, 2012) (recognizing that "The main purpose of the [PSLRA] is to favor institutional investors over individuals. . .").

The Public Employees Retirement Association of New Mexico was established in 1947.[1] PERA now manages a retirement system for state, county, and municipal employees including police, firefighters, judges, magistrates, legislators and volunteer firefighters. *Id.* at 39. PERA oversees assets of approximately $15.4 billion on behalf of its members, retirees, and beneficiaries. *Id.* at 7.

As set forth in detail below, PERA satisfies all of the requirements for appointment as lead plaintiff under the PSLRA.[2] As required by the statute, this motion is filed within sixty days of publication of the notice of the action. 15 U.S.C. §78u-4(a)(3)(A). PERA asserts that it has the largest financial interest in the outcome of the litigation, having sustained losses of over $2.29 million. *See* Schedule A to the Pittard Cert., attached as Exhibit 1 to the Basser Decl. filed herewith; *see also* Basser Decl. Ex. 3. In addition, PERA qualifies as the "most adequate" plaintiff to serve as lead plaintiff in this action because it satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, as required by the statute. 15 U.S.C. §78u-4(a)(3)(B). Given the PSLRA's preference for institutional investors to direct securities class actions, as demonstrated below,

---

[1] *See* http://s3.amazonaws.com/boardaudio/cafr/CAFR2018Final.pdf, at 9, last visited on July 18, 2019.

[2] The PSLRA specifically authorizes class members such as PERA to move for appointment as lead plaintiff, regardless of whether they have filed a complaint. *See* 15 U.S.C. §78u-4(a)(3)(B).

PERA believes it should be appointed Lead Plaintiff in this matter and that the Court should approve its selection of Barrack, Rodos & Bacine to serve as Lead Counsel to represent the class.

## II.   PROCEDURAL HISTORY

Presently pending before the Court is a securities fraud class action complaint, *Harari v. PriceSmart, Inc., et al.*, Case No. 19-CV-0958-JM-LL, filed on May 22, 2019 (the "Harari Action"). The complaint names as defendants PriceSmart, Inc.; PriceSmart's Chief Executive Officer, Jose Luis Laparte; Current Chief Financial Officer Maarten O. Jager, and former Chief Financial Officer, John M. Heffner. PriceSmart owns and operates membership-based warehouse shopping clubs throughout Central America, the Caribbean, and Columbia. The complaint alleges that from October 26, 2017 through October 25, 2018, in violation of Section 10(b) and Section 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder, defendants disseminated false and misleading information to the investing public concerning PriceSmart's operations, business model, and prospects.

The PSLRA requires prompt publication of notice advising class members of their right to move within sixty days of publication to be appointed lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). On May 22, 2019, plaintiff in the above-captioned action, published notice on BusinessWire. *See* Exhibit 2 to the Basser Decl. That notice advised class members of the existence of the lawsuit and described the claims asserted. It also advised class members of their right to file a motion for appointment as lead plaintiff no later than June 22, 2019. Accordingly, this motion is timely filed.

## III.   FACTUAL BACKGROUND[3]

PriceSmart owns and operates membership-shopping warehouse clubs in Central America, the Caribbean, and Colombia.

The complaint was brought on behalf of all persons purchased or otherwise acquired PriceSmart securities between October 26, 2017 and October 25, 2018, inclusive, seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act") against PriceSmart and certain of its officers and/or directors. It alleges that during the Class Period, defendants made a

---

[3] These facts are taken from various sources, including the complaint filed in the Harari Action.

series of false and misleading public statements, and failed to disclose material adverse facts relating to the Company's business, operations, and prospects. Specifically, as alleged in the Complaint, Defendants failed to disclose to investors: (1) that the Company's omni-channel business strategy had failed to reach key operating goals; (2) that the Company's South America distribution strategy had failed to realize key cost saving goals; (3) that the Company had invested Trinidad and Tobago dollars into certificates of deposits with financial institutions; (4) that these investments had been improperly classified as cash and cash equivalents; (5) that the relevant corrections would materially impact financial statements; (6) that there was a material weakness in the Company's internal controls over financial reporting; (7) that increasing competition negatively impacted the Company's revenue and profitability; and (8) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. Defendants' false and misleading statements caused PriceSmart stock to trade at artificially inflated prices throughout the Class Period.

Defendants' false and misleading statements did not become apparent to investors and the public until October 25, 2018, when, after the close of trading, the Company announced financial results for the fourth quarter and year 2018, disclosing operating income of $27.2 million, compared to operating income of $30.8 million during the same period in the prior year. The Company also announced the resignation of then-CEO Jose Luis Laparte and further disclosed that certain financial statements would be restated to correct a balance sheet misclassification of certain assets. In response to these announcements, the price of PriceSmart common stock fell $12.41 per share, a decline of more than 15%, to close at $69.16 per share on October 26, 2018, down from a close of $81.57 on October 25, 2018, on heavy trading volume.

## IV.   ARGUMENT

### A.   PERA Should Be Appointed Lead Plaintiff

#### 1.   Applicable Legal Standard

The PSLRA sets forth the procedure for the selection of lead plaintiff to oversee class actions brought under the federal securities laws. 15 U.S.C. §78u-4(a)(3). Section 21D(a)(3)(A)(i)

of the PSLRA provides that within twenty days after the date on which a class action is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class:

    (i)    of the pendency of the action, the claims asserted therein, and the purported class period; and

    (ii)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Further, Section 21D(a)(3)(B)(i) of the PSLRA directs the Court to consider any motions brought by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice by not later than ninety-days after the date of publication, or as soon as practicable after this Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. Under this provision, the Court "shall" appoint the "most adequate plaintiff" to serve as lead plaintiff and shall presume that the "most adequate plaintiff" is the person, or group of persons, that:

    (aa)    has either filed the complaint or made a motion in response to a notice…;

    (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As noted *supra*, this motion satisfies the requirements of subsection (aa). As demonstrated below, PERA also satisfies the requirements of subsections (bb) and (cc).

### 2. PERA Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA provides that this Court:

[S]hall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff").

5

15 U.S.C. § 78u-4(a)(3)(B)(i). Moreover, the statute requires this Court to adopt a rebuttable presumption that:

> [T]he most adequate plaintiff in any private action arising under this chapter is the person or group of persons that…. in the determination of the court, has the largest financial interest in the relief sought by the class…

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

During the relevant period, PERA purchased PriceSmart securities at artificially inflated prices and suffered collective losses of over $2.29 million.[4] *See* Ex. 3 to the Basser Decl. PERA believes that it has the largest financial interest in the outcome of this litigation and, therefore, is presumptively entitled to appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb).

### 3. PERA is Qualified Under Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id*. With respect to the qualifications of a class representative, Rule 23(a) requires generally that its claims be typical of the claims of the class and that the representative will fairly and adequately protect the interests of the class. As demonstrated herein, PERA satisfies the typicality and adequacy requirements of Rule 23(a), and is qualified to be appointed lead plaintiff.

#### a. The Claims of PERA Are Typical of the Claims of the Class

A plaintiff satisfies the typicality requirement of Rule 23(a)(3) when the plaintiff (1) suffered the same injuries as the absent class members, (2) as a result of the same course of conduct by defendants, and (3) its claims are based on the same legal issues. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992); *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 649 (C.D. Cal. 1996); *Welling v. Alexy*, 155 F.R.D. 654, 657 (N.D. Cal. 1994); *Schwartz v. Harp*, 108 F.R.D. 279, 282

---

[4] 15 U.S.C. §78u-4(e) provides a formula for computing a class member's damages for violations of Section 10(b), which includes separate calculations as to securities that have been sold during the class period and securities that are held at the end of the class period. For purchasers who hold their securities, damages are measured by comparing the purchase price of the security with its mean trading price during the ninety day period following the corrective disclosure by the Company, or, if the securities are sold during the ninety days, the purchase price is compared to the mean trading price during the period beginning with the corrective disclosure and ending on the date of sale. The mean trading price is defined as "an average of the daily trading price of that security, determined as of the close of the market each day" during the period in question. 15 U.S.C. § 78u-4(e)(3).

(C.D. Cal. 1985). The legal and factual bases for PERA's claims are typical of the following issues applicable to all members of the class:

(a) Whether defendants' actions violated the federal securities laws;

(b) Whether defendants caused PriceSmart to issue false and misleading statements during the Class Period;

(c) Whether defendants' conduct caused the market price of PriceSmart stock to be artificially inflated during the Class Period; and

(d) Whether the members of the class have sustained damages and, if so, the proper measure of those damages.

Thus, there is a well-defined community of interest in the questions of law and fact involved in this case, and the claims asserted by PERA are typical of the claims of the members of the proposed class. PERA, like all of the members of the proposed class, acquired PriceSmart stock at prices artificially inflated by defendants' false and misleading misrepresentations and omissions and were damaged thereby. PERA's claims are typical because their claims and those asserted by other PriceSmart investors are based on the same legal theories and arise "from the same event or course of conduct giving rise to the claims of other class members." *In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*, 122 F.R.D. 251, 256 (C.D. Cal. 1988); *accord Blackie v. Barrack*, 524 F.2d 891, 902-03 & n. 19 (9th Cir. 1975).

### b.  **PERA Will Fairly and Adequately Represent the Interests of the Class**

The requirements of Rule 23(a)(4) are met if it appears that (1) plaintiff's interests are not antagonistic to those of the class they seek to represent and (2) plaintiff's attorneys are qualified, experienced, and generally able to conduct the litigation. *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978); *Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124, 130 (S.D. Cal. 1996); *Lubin v. Sybedon Corp.*, 688 F. Supp. 1425, 1461 (S.D. Cal. 1988); *Lewis v. Curtis*, 671 F.2d 779, 788 (3d Cir. 1982); *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 449 (3d Cir. 1977); *In re Mellon Bank S'holder Litig.*, 120 F.R.D. 35, 37-38 (W.D. Pa. 1988).

The interests of PERA are aligned with the members of the proposed class and there is no evidence of any antagonism between their interests and those of the proposed class members. As detailed above, PERA's claims share substantially similar questions of law and fact with the claims of members of the proposed class and its claims are typical of the claims of other members of the class. In addition, PERA has selected a law firm that is highly experienced in prosecuting securities class actions such as this to represent it and to serve as lead counsel. *See* Firm Biography of Barrack, Rodos & Bacine ("Firm Biography") filed herewith as Exhibit 4 to the Basser Decl.

Therefore, PERA satisfies the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as lead plaintiff in this action and should be appointed lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 4.     **PERA is an Experienced Institutional Investor**

PERA is a sophisticated institutional investor, the type of plaintiff explicitly encouraged by Congress to seek appointment as lead plaintiff. H.R. Conf. Rep. No. 104-369, at 33, 34 (1995) reprinted in 1995 U.S.C.C.A.N. 730, 733; S. Rep. No. 104-98 as 12, 13, reprinted in 1995 U.S.C.C.A.N. 679, 690. The PSLRA was intended "to increase the likelihood that institutional investors will serve as lead plaintiffs" because, among other reasons, as investors with large amounts at stake, institutional investors "will represent the interest of the plaintiff class more than class members with small amounts at stake." H.R. Conf. Rep. No. 104-369 at 33, 34 (1995) reprinted in 1995 U.S.C.C.A.N. 730, 733; *see also In re Worldcom, Inc. Sec. Litig.*, 219 F.R.D. 267, 282 (S.D.N.Y. 2003) (the PSLRA was designed "to increase the likelihood that institutional investors will serve as lead plaintiffs"). *See also Greebel v. FTP Software, Inc.*, 939 F. Supp. 57 at 63; *Gluck v. CellStar Corp.*, 976 F. Supp. 542 at 548; *In re Diamond Foods, Inc.*, 281 F.R.D. 405 at 409.

PERA provides retirement and/or pension benefits to its members. PERA is a member of the National Association of Public Pension Attorneys, through which it works to advance the interests of public retirement systems in the United States. PERA has an interest in protecting the

integrity of our capital markets. PERA has assets of approximately $15.4 billion for the benefit of more than 56,500 active plan members and more than 39,600 retired members and beneficiaries.[5]

After substantial due diligence, consideration, and deliberation regarding the strength of the claims against the defendants and the losses that PERA suffered arising from defendants' misconduct, PERA determined that it could maximize the potential recovery for the class by seeking appointment as lead plaintiff. PERA is experienced as a lead plaintiff under the PSLRA, and is currently serving as a lead plaintiff pursuant to the federal securities laws. Pittard Certification ¶ 5.

### B.     The Court Should Approve PERA's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to Court approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). In this case, PERA has selected and retained the law firm of Barrack, Rodos & Bacine to serve as lead counsel for the class.

Barrack, Rodos & Bacine has extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See generally* Firm Biography. Barrack, Rodos & Bacine has been appointed as lead counsel in dozens of securities class actions, including more than fifty filed since passage of the PSLRA, and including many litigated in district courts within the Ninth Circuit.[6] Barrack, Rodos & Bacine

---

[5]  *See* http://s3.amazonaws.com/boardaudio/cafr/CAFR2018Final.pdf, at 7, 49, last visited on July 18, 2019.

[6]  Several examples include: *In re: Omnivision Technologies, Inc. Sec. Litig.*, Case No. 5:11-cv-05235-RMW (N.D. Cal.); *Waldrep v. ValueClick, Inc., et al.*, Case No. 07-05411 DDP (AJWx) (C.D. Cal.); *In re Applied Micro Circuits Corp. Sec. Litig.*, Lead Case No. 01-cv-0649-K (S.D. Cal.) (AJB); *In re DaimlerChrysler AG Sec. Litig.*, No. 00-993 (JJF, Jr.) (D. Del.); *In re Harmonic, Inc.*, No. C-00-2287 PJH (N.D. Cal.); *In re Citrix Sys. Inc. Sec. Litig.*, No. 00-6796-WPD (S.D. Fla.); *In re McKesson HBOC, Inc. Sec. Litig.*, Case No. C-99-20743(RMW) (N.D. Cal.); *In re PeopleSoft, Inc. Sec. Litig.*, No. C99-00472 WHA (N.D. Cal.); *In re HI/FN, Inc. Sec. Litig.*, Master File No. C-99-4531-SI (N.D. Cal.); *Shafizadeh v. Amplidyne, Inc.*, Civil Action No. 99-4468 (MLC) (D.N.J.); *In re Sunbeam Sec. Litig.*, Nos. 98-8258-CIV-Middlebrooks, 99-8275-CIV-Middlebrooks, (S.D. Fla.); *In re Theragenics Corp. Sec. Litig.*, No. 1:99CV141-TWT, (N.D. Ga.); *Stanley v. Safeskin Corp.*, Lead Case No.: 99cv0454-BTM (LSP) (S.D. Cal.); *In re Parametric Tech. Corp. Sec. Litig.*, Civil Action No. 98-11328 GAO (D. Mass.); *Schlagal v. Learning Tree Int'l*, No. CV98-6384 GAF (Ex), (C.D. Cal.); *In re Samsonite Corp. Sec. Litig.*, Master File No. 98-CV-1878-JLK (D. Colo.); *In re 3Com Sec. Litig.*, Case No. C-97-21083 (EAI) (N.D. Cal); *In*

served as a lead counsel in *In re Cendant Corp. Sec. Litig.*, 109 F. Supp. 2d 235 (D.N.J. 2000), which settled for more than $3.32 billion, including the largest recovery ever achieved from an outside accounting firm in a securities class action.

Barrack, Rodos & Bacine also served as a lead counsel for the New York State Common Retirement Fund in *In re WorldCom, Inc. Sec. Litig.*, Master File No. 02-Civ-3288 (DLC) (S.D.N.Y.), which settled for more than $6.1 billion. In Judge Cote's opinion approving part of the settlement in *WorldCom*, she stated that:

> The quality of the representation given by Lead Counsel is unsurpassed in this Court's experience with plaintiffs' counsel in securities litigation. Lead Counsel has been energetic and creative. Its skill has matched that of able and well-funded defense counsel. It has behaved professionally and has taken care not to burden the Court or other parties with needless disputes. . . . The submissions of Lead Counsel to the Court have been written with care and have repeatedly been of great assistance. In sum, the quality of representation that Lead Counsel has provided to the class has been superb.… Lead Counsel has performed a valuable public service in prosecuting this action with vigor and skill.

*In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2004 U.S. Dist. LEXIS 22992, at *67-*68, *72-*73 (S.D.N.Y. Nov. 12, 2004).

Recently, in 2015, in *In re American International Group, Inc. 2008 Sec. Litig.*, No. 08-cv-4772-LTS (S.D.N.Y.), in which the firm was a lead counsel representing the State of Michigan Retirement Systems, the firm recovered $970.5 million on behalf of class members, which was found by the court to be an "outstanding result obtained on behalf of the settlement class."

The firm was also a lead counsel in *In re McKesson HBOC, Inc. Securities Litigation*, Master File No. CV-99-20743 RMW (N.D. Cal.), which settled for more than $1 billion, the largest recovery in a securities class action in the Northern District of California since passage of the PSLRA. *See also In re Cendant Corporation Sec. Litig.,* Case No. 98-1664-WHW (D.N.J.) ("we have all been favored with counsel of the highest competence and integrity and fortunately savvy in the ways of the law and the market"). Firm Biography at 23.

In *In re Apollo Group, Inc. Sec. Litig.*, Case No. CV 04-2147-PHX-JAT (D. Az.), the firm tried the action to a favorable jury verdict and ultimately recovered $145 million for the class. Attorneys Stephen R. Basser, Jeffrey A. Barrack, and Samuel M. Ward composed the firm's trial

---

*re: Informix Corp., Sec. Litig.*, Case No. C-97-1289-CRB (N.D. Cal.).

team for the duration of the jury trial coursing from November 7, 2007 through January 16, 2008. Immediately after the jury rendered its unanimous verdict in favor of the plaintiff class in *In re Apollo Group, Inc. Sec. Litig.,* CV 04-2147-PHX-JAT (D. Ariz.), the court commented that trial counsel:

> brought to this courtroom just extraordinary talent and preparation. . . . The technical preparation, the preparation for your examination and cross-examination of witnesses has been evident in every single instance. The preparation for evidentiary objections and responses to those objections have been thorough and foresighted. The arguments that have been made in every instance have been well-prepared and well-presented throughout the case. … [W]hat I have seen has just been truly exemplary.

Firm Biography at 22.

Thus, there can be no question that Barrack, Rodos & Bacine is a highly experienced, successful securities fraud class action firm with the resources, ability, and experience to serve as lead counsel in this litigation.

## V.   CONCLUSION

For the foregoing reasons, PERA respectfully requests that this Court: (1) appoint the Public Employees Retirement Association of New Mexico Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the PSLRA and (2) approve its selection of Barrack, Rodos & Bacine as Lead Counsel for the class.

DATED: July 22, 2019            Respectfully submitted,

BARRACK, RODOS & BACINE
STEPHEN R. BASSER
SAMUEL M. WARD


/s/ STEPHEN R. BASSER
STEPHEN R. BASSER

600 West Broadway, Suite 900
San Diego, CA  92101
Telephone:  (619) 230-0800
Facsimile:   (619) 230-1874

JEFFREY A. BARRACK*
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
E-mail: jbarrack@barrack.com
Telephone: (215) 963-0600
Facsimile: (215) 963-0838

*Counsel for the Public Employees Retirement Association of New Mexico, and Proposed Lead Counsel for the Class*

**Pro Hac Vice* application to be filed*