UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX MORRIS HARARI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRICESMART, INC., JOSE LUIS LAPARTE, JOHN M. HEFFNER, and MAARTEN O. JAGER,<br><br>Defendants. | Case No.: 19-CV-958 JLS (LL)<br><br>**ORDER (1) GRANTING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, AND (2) APPROVING CHOICE OF COUNSEL**<br><br>(ECF No. 4) |

Presently before the Court is Movant Public Employees Retirement Association of New Mexico's ("PERA") Motion for Appointment as Lead Plaintiff and Approval of Choice of Counsel ("Mot.," ECF No. 4). Also before the Court is PERA's Response in Support of the Motion ("Resp.," ECF No. 21). Having considered PERA's arguments and the law, the Court **GRANTS** the Motion.

**BACKGROUND**

The present case is a putative securities class action that arises from allegations of false and misleading statements in violation of federal securities laws. Defendant PriceSmart, a Deleware Corporation with its main office in San Diego, CA, owns and operates membership-shopping warehouse clubs in Central America, the Caribbean, and

Colombia. Complaint ("Compl.") ¶¶ 2, 12, ECF No. 1. PERA manages approximately $15.4 billion in assets for New Mexico state, county, and municipal employees, retirees, and beneficiaries. Mot. at 2.

Plaintiffs allege that, between October 26, 2017, and October 25, 2018 (the "class period"), PriceSmart "made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects." Compl. ¶ 5. On October 25, 2018, PriceSmart announced disappointing financial results for 2018, the resignation of its CEO, and that certain assets had been misidentified in prior financial statements. *Id.* ¶ 24. "On this news, the Company's share price fell $12.41, or more than 15%, to close at $69.16 per share on October 26, 2018, on unusually heavy trading volume." *Id.* ¶ 25. Plaintiffs allege that, "[a]s a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, . . . Class members have suffered significant losses and damages." *Id*. ¶ 6.

On May 22, 2019, Plaintiff Max Morris Harari brought this action on behalf of the proposed class, consisting of "all persons and entities that purchased or otherwise acquired PriceSmart securities" during the class period. *Id.* ¶ 1. On July 22, 2019, PERA filed this Motion seeking to be named lead plaintiff and have its choice of counsel approved. *See generally* Mot.

## LEGAL STANDARDS

### I. Motion to Appoint Lead Plaintiff

The Private Securities Litigation Reform Act ("PSLRA") governs the selection of a lead plaintiff in private securities class actions. 15 U.S.C. § 78u-4. There is a three-step process in determining the lead plaintiff under the PSLRA. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). First, the plaintiff that is first to file an action governed by the PSLRA must publicize the pendency of the action, the claims made, and the purported class period "in a widely circulated national business-oriented publication or wire service." 15 U.S.C. § 78u-4(a)(3)(A)(i)(I). This notice must also alert the public that "any member of

2

19-CV-958 JLS (LL)

the purported class may move the court to serve as lead plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Next, the court must select the presumptive lead plaintiff. *See In re Cavanaugh*, 306 F.3d at 729–30 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)). To determine the presumptive lead plaintiff, "the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Id.* at 730 (footnote omitted). "[A]pproximate losses in the subject securities is the preferred measure" to determine the greatest financial stake. *Inchen Huang v. Depomed, Inc.*, 289 F. Supp. 3d 1050, 1052 (N.D. Cal. 2017). After the court identifies the presumptive lead plaintiff, the court must determine whether that plaintiff, based on the information it provides, "satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* If it does not, the court analyzes whether the plaintiff with the next-largest financial stake satisfies the Rule 23(a) requirements. *Id.*

Finally, plaintiffs in the class not selected as the presumptive lead plaintiff may "rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)). This is accomplished by demonstrating that the presumptive lead plaintiff either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(II)(aa)–(bb). If the court determines that the presumptive lead plaintiff does not meet the typicality or adequacy requirement, then it must return to step two to select a new presumptive lead plaintiff and again allow the other plaintiffs to rebut the new presumptive lead plaintiff's showing. *In re Cavanaugh*, 306 F.3d at 731. The court repeats this process "until all challenges have been exhausted." *Id.* (citation and footnote omitted).

## II. Motion to Appoint Lead Counsel

Under the PLSRA, the lead plaintiff is given the right, subject to court approval, to "select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would

3

19-CV-958 JLS (LL)

have chosen differently." *Cohen v. U.S. Dist. Court*, 586 F.3d 703, 711 (9th Cir. 2009) (citing *In re Cavanaugh*, 306 F.3d at 732, 734 & n.14). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id.* at 712 (citation omitted).

## ANALYSIS

### I. Motion to Appoint Lead Plaintiff

#### A. *Notice*

On May 22, 2019, Plaintiff Harari filed this lawsuit. *See generally* ECF No. 1; Mot. at 7.[1] On that same day, Plaintiff Harrari published notice of the class action in the *Business Wire*, a national business-oriented publication, advising class members of, among other things, the pendency of the action, the claims made, the purported class period, and the right to file a motion for appointment as lead plaintiff within sixty days. Mot. at 7; *see also* Declaration of Stephen R. Basser ("Basser Decl."), Ex. 2, ECF No. 4-2. PERA filed this Motion on July 22, 2019, *see generally* Mot., within the requisite sixty-day time period following the notice's publication. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

#### B. *Selection of Presumptive Lead Plaintiff*

As noted above, the PSLRA provides that "the 'most capable' plaintiff—and hence the lead plaintiff—is the one who has the greatest financial stake in the outcome of the case," so long as that plaintiff meets the requirements of Federal Rule of Civil Procedure 23. *In re Cavanaugh*, 306 F.3d at 729. Here, PERA alleges it acquired over $9 million in PriceSmart stock during the class period and suffered financial losses of over $2.29 million. Mot. at 10; *see also* Basser Decl., Ex. 3. PERA's financial losses are uncontested and no other plaintiff seeks appointment as lead counsel.[2] *See* Mot. at 10. The Court thus concludes that PERA has the largest financial interest in this matter.

---

[1] For ease of reference, the Court cites to the CM/ECF page numbers stamped at the top of the page.

[2] Two other parties filed motions for appointment as lead plaintiffs but subsequently withdrew those motions. *See* ECF Nos. 17, 18.

4

19-CV-958 JLS (LL)

Next, PERA has established that it satisfies the typicality and adequacy requirements of Rule 23(a). Typicality requires that the lead plaintiff's injuries be similar to those of other class members and that those injuries arose out of the same course of conduct as other class members'. *B.K. ex rel. Tinsley v. Snyder*, 922 F.3d 957, 970 (9th Cir. 2019) (citing *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014). Here, "PERA, like all of the members of the proposed class, acquired PriceSmart stock at prices artificially inflated by [D]efendants' false and misleading misrepresentations and omissions and were damaged" in doing so. Mot. at 11. PERA's claims therefore "arise 'from the same event or course of conduct giving rise to the claims of other class members.'" *Id.* (quoting *In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*, 122 F.R.D. 251, 256 (C.D. Cal. 1988)). Thus, PERA's claims are typical under Rule 23(a).

To demonstrate adequacy, PERA must show, "first, that [it] do[es] not possess any conflicts of interest with the class members and, second, that both plaintiff[] and [its] counsel will work to 'prosecute the action vigorously' with respect to the entire class." *Campbell v. PricewaterhouseCoopers, LLP*, 253 F.R.D. 586, 596 (E.D. Cal. 2008) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)). Here, PERA's interests "are aligned with the members of the proposed class and there is no evidence of any antagonism between [PERA's] interests and those of the proposed class members." Mot. at 12. Moreover, PERA's large financial stake and selection of a law firm "highly experienced in prosecuting securities class actions" evidences a commitment to prosecute the action vigorously on behalf of the entire class. *See id.*; *see also* Basser Decl. Ex. 4. Accordingly, PERA has established it satisfies the Rule 23(a) adequacy requirement.

Having determined PERA has the largest financial stake in the case and satisfies the requirements of Rule 23(a), the Court concludes PERA is the presumptive lead plaintiff.

### C. *Opposition to the Motion*

The presumption that PERA is the lead plaintiff may be rebutted by proof submitted by a member of the proposed class. *See* 15 U.S.C. § 78u4(a)(3)(B)(iii)(II). Here, no plaintiff has opposed PERA's motion for appointment as lead plaintiff. Absent proof that

the presumptive lead plaintiff does not satisfy the requirements of Rule 23(a), the candidate is "entitled to lead plaintiff status." *See In re Cavanaugh*, 306 F.3d at 732. Therefore, the Court concludes that PERA is entitled to serve as lead plaintiff in this action.

## II. Motion to Appoint Lead Counsel

PERA requests that the Court approve its selection of Barrack, Rodos & Bacine as lead counsel. Mot. at 13. The Court has reviewed the firm's resume and is satisfied that PERA has made a reasonable choice of counsel. Barrack, Rodos & Bacine has extensive experience in the prosecution of securities class actions, *see id.* at 13–15; *see also* Basser Decl. Ex. 4, at 14–18, and it appears the firm will adequately represent the interests of all class members. Accordingly, the Court approves PERA's choice of counsel.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** PERA's Motion for Appointment as Lead Plaintiff and Approval of Choice of Counsel. ECF No. 4. Accordingly, the Court **APPOINTS** PERA as lead Plaintiff and **APPROVES** PERA's selection of Barrack, Rodos & Bacine as lead counsel. This action will proceed in accordance with the pleading and briefing schedule previously entered by this Court (ECF No. 8).

**IT IS SO ORDERED.**

Dated: October 7, 2019

Hon. Janis L. Sammartino
United States District Judge